```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

-------------------------------------------------------------------------X
TRECARA B. GAREL,

                                Plaintiff,

    -against-

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTIONS; RICHARD
WHITE, Deputy Commissioner, Investigation & Trials
Division; DARRYL HARRISON, Individually and as
Chief of Staff, Office of the Commissioner - Deputy
Warden-in-Command; ERIC PERRY, Individually and
as Director, Investigations Unit, Department of
Corrections; RICHARD CRESPO, Investigator, New
York City Department of Corrections; ANITA
SANDOVAL, Individually and as Investigator, New York
City Department of Corrections; ROBERT FERNANDEZ,
Individually and as Supervising Investigator, New York
City Department of Corrections; and WALTER PEREZ,
Individually and as Captain, New York City Department
of Corrections,

                                Defendants.
-------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV-04-3506(CBA)(JMA)

A P P E A R A N C E S:

Gregory G. Smith, Esq.
Janet J. Lennon, Esq.
Gregory Smith & Associates
225 Broadway, Suite 3901
New York, New York 10007
*Attorney for Plaintiff*

Seth D. Eichenholtz, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007
*Attorney for Defendants*

**AZRACK, United States Magistrate Judge**:

On July 17, 2006, plaintiff Trecara Garel ("plaintiff") moved for leave to amend her Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (Dkt No. 84: Mot. to Am./Correct Compl. (07/17/06)). Plaintiff moved to add a twelfth claim for recovery for discriminatory retaliation by defendants New York City Department of Corrections and Walter Perez, in violation of 42 U.S.C. §§ 1981, 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Plaintiff's motion for leave to amend was referred to me by the Honorable Carol B. Amon, United States District Judge. For the reasons set forth below, I respectfully recommend that Plaintiff's motion to amend be denied.

## I. BACKGROUND

This is an employment discrimination case brought under 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) ("Title VII"), and New York State Human Rights Law § 296. Plaintiff is an employee of the New York City Department of Corrections ("DOC"). Plaintiff sued New York City and State officials and governmental entities, alleging that they violated her rights when demoting her from her position as a DOC Investigator. Plaintiff now seeks to amend her complaint for the second time to add an additional claim for recovery against defendant Walter Perez ("Perez") for unlawful retaliation. Perez is a Captain in the DOC.

For purposes of this motion, the facts set forth in the proposed Third Amended Complaint ("Complaint") are accepted as true. The Court sets forth only those facts deemed necessary to an understanding of the issues raised in, and decision rendered on, this Motion. Plaintiff filed this suit on August 16, 2004. Plaintiff's co-worker, Correction Officer Maria Moreira ("Moreira"), signed

2

an affidavit supporting plaintiff in her claim and agreed to be a witness at trial. (Pl. Third Am. Co. ¶ 95.) On or about October 20, 2005, while being deposed, defendant Perez learned that Moreira was a witness for plaintiff. (Pl. Third Am. Co. ¶ 96.) Subsequently, on or about November 4, 2005, Perez made retaliatory remarks to Moreira and ordered her to work overtime and complete extra duties because of her support of plaintiff. (Pl. Third Am. Co. ¶ 97-99.) Plaintiff now claims that this retaliation was directed at her personally, and thus, forms the basis for her twelfth cause of action.

## II. DISCUSSION

The Federal Rules of Civil Procedure state that, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Proc. 15(a). Plaintiff already amended her complaint once as a matter of course. Thus, at this stage in the litigation, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. Generally, "leave [to amend] shall be freely given when justice so requires." Id. Nonetheless, "the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metropolitan Life Insurance, 310 F.3d 84, 101 (2d Cir. 2002), citing Foman v. Davis, 371 U.S. 178, 182 (1962).

An amendment is futile "if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." Milanese v. Rust-Oleum Corp., 244 F.3d 104 (2d Cir. 2001). Thus, in analyzing this motion for leave to amend, the Court must determine whether any facts exist under which plaintiff's cause of action for retaliation could be sustained.

Plaintiff's proposed cause of action for retaliation is made pursuant to 42 U.S.C. § 1981

("Section 1981"), Section 1983 and Title VII, yet her memoranda of law only address Title VII. Because the relevant elements of a retaliation claim under each of these statutes are the same for purposes of this motion, the Court will address only the Title VII claim.

Title VII's anti-retaliation provision forbids employer actions that "discriminate against" an employee because she has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). Burlington Northern & Santa Fe Railway Co. v. White, – U.S. –, 126 S. Ct. 2405, 2410 (2006) ("Burlington Northern"). In order to present a prima facie case of retaliation under Title VII, plaintiff must show evidence sufficient to permit a rational trier of fact to find that: (1) she engaged in protected participation or opposition under Title VII; (2) the employer was aware of this activity; (3) the employer took adverse action against plaintiff; and (4) a causal connection exists between the protected activity and the adverse action. Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 205-06 (2d Cir. 2006).[1] As this motion is being decided on a motion to dismiss standard, however, plaintiff need not establish a prima facie case of retaliation; rather, the complaint must contain only a short and plain statement of the claim showing that the pleader is

---

[1] For purposes of this motion, the elements of Section 1981 and Section 1983 claims are similar. To establish retaliation under Section 1981, plaintiffs must show that: (1) she was engaged in an activity protected under anti-discrimination statutes, (2) defendant was aware of plaintiff's participation in the protected activity, (3) defendant took adverse action against plaintiff based upon her activity, and (4) a causal connection existed between plaintiff's protected activity and the adverse action taken by defendant. Lizardo v. Denny's, Inc., 270 F.3d 94, 105 (2d Cir. 2001). To state a prima facie claim of First Amendment retaliation under Section 1983, a public employee must show that: (1) her speech was constitutionally protected, (2) she suffered an adverse employment action, and (3) a causal relationship between the two existed in that the speech was a substantial or motivating factor for the adverse employment action. Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist., 411 F.3d 306, 313 (2d Cir. 2005).

entitled to relief. Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (in order to survive a motion to dismiss, a plaintiff in an employment discrimination action must only meet the standard set forth in Fed. R. Civ. P. 8(a)).[2] Under this standard, "[g]iven the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

The factual allegations supporting plaintiff's retaliation claim, and the inferences that can be drawn from them, fail to satisfy these requirements. They also fail to satisfy the requirements of Section 1981 or Section 1983 retaliation claims. The problem with plaintiff's proposed cause of action is that the retaliatory act was committed against Moreira for her willingness to act as a witness for plaintiff; it was not directed at plaintiff personally. Thus, the third element of plaintiff's cause of action, an adverse action, has not been alleged and the claim cannot pass a motion to dismiss challenge.

Plaintiff argues that by retaliating against Moreira for her willingness to testify, Perez also retaliated against plaintiff personally in that her witness is now intimidated and other possible witnesses who heard about the Moreira-Perez interaction might also be intimidated. This is not the kind of "adverse action" that Title VII (or Section 1981 or 1983) envisions. The Supreme Court recently held that for retaliatory conduct to be "materially adverse" and, therefore, actionable, it must be something that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 126 S. Ct. 2405, 2415 (2006) (quoting Rochon

---

[2] "The Swierkiewicz holding applies with equal force to any claim, including retaliation claims...that the McDonnell-Douglas framework covers." Williams v. New York City Housing Authority, 458 F.3d 67, 72 (2d Cir. 2006).

5

v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Generally, "materially adverse" acts affect an employee's pay or responsibilities, but they have also been found where an employee's chances for promotion were affected by the adverse act. See, Malone v. City of New York, No. 05-2882, 2006 WL 2524197, at *8 (E.D.N.Y. Aug. 30, 2006). There is no authority which broadens the definition of "adverse act" as far as plaintiff attempts here. Moreira may have her own cause of action against the DOC and Perez,[3] but plaintiff does not have standing to sue for retaliation when she has not been personally injured.

"Actions deemed materially adverse are those which cause the plaintiff actual hardship in one form or another." Malone v. City of New York, No. 05-2882, 2006 WL 2524197, at *8 (E.D.N.Y. Aug. 30, 2006), citing Burlington Northern, 126 S. Ct. 2405, 2415 (2006). Here, plaintiff has not alleged any actual personal hardship. Rather, the person who was injured was Moreira. In Kern v. City of Rochester, the Second Circuit summarily rejected a similar argument when it held that a female secretary lacked standing to pursue a Section 1983 claim against a fire department for the department's retaliation against a firefighter who protested her discrimination. Id., 93 F.3d 38, 44 (2d Cir. 1996), citing Warth v. Seldin, 422 U.S. 490, 499 (1975) (a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties ... and must allege and show that [she] personally [has] been injured, not that injury has been suffered by other, unidentified members of the class to which [she belongs] and which [she purports] to represent"). Moreover, the possibility that other employees who overheard

---

[3] The Second Circuit has held that, for purposes of Title VII retaliation claims, an employee engaged in a known, protected activity when she was named as a voluntary witness in support of a co-worker's Title VII discrimination lawsuit, even though she was never called on to do so. Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 174 (2d Cir. 2005).

6

the Moreira-Perez interaction *may* have been intimidated by Perez's acts and thereby convinced to not come forward and support plaintiff is too speculative an injury. Thus, plaintiff has alleged no injury in fact and does not have standing for her proposed twelfth cause of action.

Plaintiff cites "third-party standing" cases in support of her motion for leave to amend. See, e.g., Gonzalez v. N.Y. State Dept. Of Corr. Serv. Fishkill Corr. Facility, 122 F. Supp. 2d 335 (N.D.N.Y. 2000); E.E.O.C. v. Ohio Edison Co., 7 F.3d 541 (6th Cir. 1993). While it is true that some courts have permitted retaliation claims based on third-party standing, this doctrine does not apply here. In such third-party standing cases, courts held that one employee could bring a retaliation claim when he is retaliated against for the protected actions of another employee. Any reliance on such decisions is misplaced here because plaintiff herself was not the victim of any retaliation. Consequently, plaintiff's motion to amend the complaint with a retaliation claim in which plaintiff was not the person retaliated against is denied as futile.

## III. CONCLUSION

For the above stated reasons, I respectfully recommend that plaintiff's motion for leave to amend her complaint be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: Brooklyn, New York
October 23, 2006

/s/
Joan M. Azrack
United States Magistrate Judge